| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

DIRECT TV, INC.  §
                 §
versus           §           CIVIL ACTION B-   B-03-154
                 §                             B-03-053
JUAN CORONADO aka JOE CORONADO §
AND JIMMIE MORGAN

United States District Court
Southern District of Texas
FILED

MAR 11 2003

Michael N. Milby
Clerk of Court

United States District Court
Southern District of Texas
ENTERED

MAR 11 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

### Order Setting Conference

1. Counsel shall appear for an initial pretrial conference:

   July 11, 2003, at 9:30 a.m.
   Before the Honorable Andrew S. Hanen
   United States District Judge
   Third Floor-Courtroom No. 6
   United States Courthouse
   600 E. Harrison Street, #301
   Brownsville, TX 78520

2. Within 15 days of receiving this order, counsel must file a list of all entities that are financially interested in this litigation, including parent, subsidiary, and affiliated corporations as well as all known attorneys of record. When a group description is effective disclosure, an individual listing is not necessary. <u>Underline the names of corporations with publicly traded securities</u>. Counsel must promptly amend the list when parties are added or additional interested parties are identified.

3. The plaintiff must serve the defendant within 120 days of filing the complaint. The plaintiff's failure to file proof of service within that time may result in dismissal by the court on its own initiative. *See* Fed. R. Civ. P. Rule 4(m).

4. At least 14 days before the conference, counsel must file a joint case management plan listing the identities and purposes of witnesses, sources and types of documents, and other requirements for a prompt and inexpensive preparation of this case for disposition by motion or trial. *See* Fed R. Civ. P. Rule 26(f).

5. The parties shall agree on additional deadlines for completion of pretrial matters including all expert designation dates and discovery cut-offs as well as dates for exchanging of initial disclosures if they have not already been completed.

6. By the conference, counsel will have interviewed their clients and read all relevant documents; readily available documents will have been exchanged at the plan meeting at the latest.

7. The court will set a schedule for initial preparation and may rule on motions pending or made at the conference.

8. Counsel in charge of a case must appear at all hearings or conferences. A motion to appear on behalf

of the attorney-in-charge will be granted only upon showing of good cause, and only if the attorney to be substituted is familiar with the case and has authority to bind the client. The motion to appear must be ruled on in advance of the hearing or conference date.

9. Counsel who appear at the conference must have authority to bind the client and must know the facts.

10. Counsel must have discussed alternative dispute resolution with their clients and each other; at the conference, the court will consider whether a method of ADR is suited to this case.

11. The court will enter a scheduling order and may rule on any pending motions at the conference.

12. The Plaintiff(s), or the party removing this suit from state court, **SHALL SERVE THE OPPOSING PARTY OR PARTIES** with copies of:

    A.  this ORDER FOR CONFERENCE,
    B.  the form for the JOINT REPORT ON MEETING REQUIRED BY RULE 26(f) AND JOINT DISCOVERY/CASE MANAGEMENT PLAN.

13. These papers **SHALL BE SERVED CONTEMPORANEOUSLY WITH THE SUMMONS AND COMPLAINT.**

14. The parties will be bound by the provisions contained in this ORDER, the papers mentioned in No. 4 above, and the dates set out in the scheduling order to be entered in this case.

15. Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of expenses.

BY THE ORDER OF THE COURT