United States District Court
Southern District of Texas
FILED

MAY 1 2 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DIRECTV, INC., <br> Plaintiff, <br><br> v. <br><br> JUAN CORONADO a/k/a JOE CORONADO and JIMMIE MORGAN <br><br> Defendants. | § <br> § <br> § <br> § B-03-154 <br> § <br> § CIVIL ACTION NO. B-03-053 <br> § <br> § JURY TRIAL DEMANDED <br> § § |

## DEFENDANT'S, JIMMIE MORGAN, MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UNDER 18 U.S.C. § 2512

Defendant, Jimmie Morgan, files this motion to dismiss Plaintiff's claim under 18 U.S.C. § 2512 for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6).

### Introduction

1. Plaintiff is DIRECTV, Inc.; there are numerous defendants including Defendant, Jimmie Morgan.

2. Defendant, Jimmie Morgan, answered and asserted various defenses and counterclaims against DIRECTV.

3. This is a Motion to Dismiss for failing to state a cause of action under 18 U.S.C. § 2512.

4. In its multi-count complaint, DIRECTV alleges that Defendant, Jimmie Morgan, violated 18 U.S.C. § 2512 and is seeking monetary damages for such violation.

1

## Argument

5. A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint demonstrates, beyond doubt, that plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Doe v. Hillsboro ISD*, 81 F.3d 1395, 1401-02 (5th Cir. 1996).

6. In the complaint, DIRECTV alleged facts against various defendants, including Defendant Jimmie Morgan, for violations of 18 U.S.C. § 2512. Even if DIRECTV proves each of these allegations, DIRECTV has not set forth the essential elements necessary to state a claim upon which relief can be granted.

7. 18 U.S.C. § 2512 is a criminal statute, under which there is no civil liability and states in pertinent part as follows:

   > [A]ny person who intentionally ... manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce ... shall be fined not more than $10,000 or imprisoned not more than five years, or both.

   Section 2512(1)(b).

8. 18 U.S.C. § 2512 does not directly mention civil liability or indirectly suggest that Congress intended to provide private recourse for any violations.

9. On the other hand, 18 U.S.C. *§ 2520* does create a civil right of action for certain specific violations. Section 2520(1) provides that "any person whose wire, oral, or electronic communication is **intercepted, disclosed, or intentionally used** in violation of this chapter"

may recover in a civil action.

10. The acts that are criminally prohibited under 18 U.S.C. § 2512 are clearly not included in 18 U.S.C. § 2520.

11. Since 18 U.S.C. § 2512 does not provide a private right of action, DIRECTV, a California Corporation, lacks standing to bring an action under 18 U.S.C. § 2512, cannot state an action for damages under 18 U.S.C. § 2512, and, accordingly, any claim under 18 U.S.C. § 2512 against Defendant, Jimmie Morgan, should therefore be dismissed.

### Conclusion

12. Because DIRECTV did not state a claim upon which relief can be granted under 18 U.S.C. § 2512, the Court should dismiss this claim.

Respectfully submitted,

Law Offices of Peggy S. Bittick

By: _____
Peggy S. Bittick
Texas Bar No. 00793346
Southern District Bar No: 19251
One Themis Place
2400 South Texas Avenue
Pearland, Texas 77581
Tel. (281)485-3500
Fax. (281)485-0171
Attorney-in-Charge for Defendant
JIMMIE MORGAN

3

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was served as follows, pursuant to the Federal Rules of Civil Procedure, on May 9, 2003:

>Robert A. Swofford
>Greer, Herz & Adams L.L.P.
>One Moody Plaza, 18th Floor
>Galveston, Texas 77550
>*Via facsimile 409.766.6424*

Peggy S. Bittick

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DIRECTV, INC., <br>     Plaintiff, <br><br> v. <br><br> JUAN CORONADO a/k/a JOE CORONADO and JIMMIE MORGAN <br><br>     Defendants. | § § § § § § § § § § §    CIVIL ACTION NO. B-03-053 <br><br> JURY TRIAL DEMANDED |

## ORDER ON DEFENDANT'S, JIMMIE MORGAN, MOTION TO DISMISS

After considering Defendant's, Jimmie Morgan, motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and the response, the Court

GRANTS the motion to dismiss the 18 U.S.C. § 2512 claim against Defendant, Jimmie Morgan, and the 18 U.S.C. § 2512 claim is dismissed with prejudice as to Defendant, Jimmie Morgan.

SIGNED on _____, 2003.

 

                                                    UNITED STATES DISTRICT JUDGE