IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
RECEIVED

MAY 1 5 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. CIV. B-03-053 |
| | § | |
| | § | B-03-154 |
| JUAN CORONADO A/K/A JOE | § | |
| CORONADO and JIMMIE MORGAN | § | |
| | § | |
| Defendants. | § | |
| | § | |

PLAINTIFF'S RULE 12(B)(6) MOTION TO DISMISS
DEFENDANT JIMMIE MORGAN'S COUNTERCLAIMS

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, DIRECTV, Inc. ("DIRECTV") files this Rule 12(b)(6) Motion to

Dismiss Defendant Jimmie Morgan's ("Defendant") Counterclaims for failure to state a

claim upon which relief can be granted.

OVERVIEW OF DEFENDANT'S CLAIMS

1.      Defendant brings six "counterclaims" against DIRECTV alleging

entitlement to (1) damages for trespass; (2) damages for a violation of 18 U.S.C. §1030;

(3) damages for Texas common law tort of unfair competition; (4) damages for the

intentional infliction of emotional distress; (5) damages for defamation; and (6) damages

for negligence.  Defendant also seeks attorneys' fees but fails to cite any statutory

grounds for such an award.

2.      All of Defendant's counterclaims are frivolous.  Defendant fails to allege

facts sufficient to support or from which to infer the required elements for any

counterclaim. Defendant's counterclaims, accordingly, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

3.      In his Original Answer and Counterclaims (the "Counterclaims"), Defendant also makes several allegations that he neither characterizes as counterclaims, affirmative defenses, nor motions seeking particular relief. Specifically, Defendant contends (1) DIRECTV fails to state a claim; (2) the claims against Defendant should be severed from the main action; and (3) service of process was improper. Because these grievances are not brought as motions, no relief can be granted by the Court at this time concerning these allegations. DIRECTV, however, herein demonstrates that all three allegations are without merit.

## THE COUNTERCLAIMS ARE FRIVOLOUS AND SHOULD BE DISMISSED

4.      Although in reviewing a Rule 12(b)(6) motion the court must accept all of the plaintiff's material allegations and reasonable inferences as true, the court should dismiss the complaint if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Doe v. Hillsboro Independent School Dist.*, 81 F.2d 1395, 1401-02 (5th Cir. 1996); *Walker v. State of Texas*, 217 F.Supp. 776, 777 (E.D. Tex. 2002) (citations omitted). The Fifth Circuit recognizes that a Rule 12(b)(6) motion should be sustained when the complaint is based upon conclusory allegations rather than allegations of fact. *Walker*, 217 F.Supp at 777. A "plaintiff must allege specific facts, not conclusory allegations." *Id.* (citing *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)). "Where a complaint asserts merely conclusory allegations, these conclusory allegations and unwarranted deductions of facts are not admitted as true." *Id.* (citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992)).

5.      A review of Defendant's counterclaims reveals a series of conclusory allegations. Defendant offers no genuine factual basis for his counterclaims and does not even attempt to allege the particular elements required for sufficiently stating each claim. Defendant does not allege facts supporting or raising an inference for supporting the essential elements for trespass, violation of 18 U.S.C. §1030, unfair competition, intentional infliction of emotional distress, libel/defamation/slander or negligence. All of Defendant's counterclaims are therefore subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Defendant Fails to State a Claim for Trespass

6.      Defendant contends that DIRECTV's computer "pop up" ads comprise "trespass." The trespass claim fails as a matter of law because Defendant cannot meet the requisite elements of a trespass to chattels action under Texas law. A trespass to chattels requires a wrongful interference with the use or possession of property. *Jarvis v. S.W. Bell Tel. Co.*, 432 S.W.2d 189, 191 (Tex. Civ. App—Houston [14th Dist.] 1968, no writ). More importantly, for liability to attach, the wrongful interference must either be accompanied by *actual damage* to the property or *deprive the owner of its use for a substantial period.* *Zapata v. Ford Motor Credit Co.*, 615 S.W.2d 198, 201 (Tex. 1981) (emphasis added). Defendant's limited allegations do not meet this standard. For example, a Texas court recently held that no trespass to chattel action could exist where the Plaintiff alleged that unauthorized advertisements were sent to the plaintiff's fax machine and that the defendant had ". . . misappropriated [plaintiff's] paper and toner when printing the advertisements. . . ." *Omnibus International, Inc. v. AT&T, Inc.*, 2002 Tex. App. LEXIS 8234, 12 (Dallas, November 21, 2002). Texas courts have long held

and repeatedly emphasized that causation of injury is an essential element of trespass. *See, e.g., Glade v. Dietert,* 156 Tex. 382, 295 S.W.2d 642, 645 (1956).

7.      Defendant's entire claim is that "on more than one occasion" he has been "bothered" with electronic advertisements. Certainly, this limited inconvenience falls well short of "substantial interference." The failure to allege actual damages and a substantial interference is fatal to Defendant's trespass claim. *See Glade, supra; Humble Pipe Line Co. v. Anderson,* 339 S.W.2d 259 (Tex. Civ. App. – Waco 1960, no writ).

8.      The two decisions cited by Defendant that purportedly support his trespass claim – one from Virginia and one from Ohio -- are cases in which the transmittal of unsolicited *bulk* e-mail ("spam") greatly overburdened computer equipment, interfering with its operation and diminishing the value of the chattel. *See American Online, Inc. v. IMS,* 24 F.Supp.2d 548, 550-55 1 (E.D.Va. 1998); *CompuServe, Inc. v. Cyber Promotions, Inc.,* 962 F.Supp 1015 (S.D. Ohio 1997).[1] These cases are inapposite to the trespass counterclaim brought by Defendant.

9.      Simple logic, moreover, demonstrates that the trespass claim is frivolous. DIRECTV's "pop up" ads do not turn on Defendant's computer nor do they mysteriously start "popping up" after the computer is turned on. Rather, it is Defendant's own conduct that causes the "pop up." The advertising will appear only if Defendant visits a website that has allowed the advertising. In other words, it is Defendant's own "authorized

---

[1] Obviously, there are some acceptable burdens that come with the free flow of information. While electronic "pop up" advertisements may be annoying, if "[t]he short, though regular journey from mailbox to trash can. . . is an acceptable burden. . .", *Bolger v. Youngs Drug Products Corp.,* 463 U.S. 60, 72; 108 S.Ct. 2875, 77 L.Ed.2d 469, 481 (1983), pressing the delete key should be even less burdensome.

trespass" onto another's website that causes the "pop up" ad to appear on his computer. Defendant should complain to the webmaster, not to DIRECTV.

10.    Defendant plainly does not state a cognizable trespass claim. The claim should therefore be dismissed.

### Defendant Fails to State a Claim Under 18 U.S.C. §1030

11.    Defendant's three-paragraph counterclaim for violation of 18 U.S.C. §1030, the Computer Fraud and Abuse Act ("CFAA"), is at best indecipherable and is more likely sanctionable under Federal Rule of Civil Procedure 11 or 18 U.S.C. §1927. An individual may seek a civil remedy for a violation of the CFAA only if the violation caused or would have caused: (1) a demonstrated "loss" of over $5,000; (2) impairment of medical treatment; (3) physical injury to any person; (4) threat to public health or safety; or (5) damage to a governmental entity. 18 U.S.C. § 1030(g) and (a)(5)(A)(i); *Hayes v. Packard Bell, NEC, Inc.,* 193 F.Supp.2d 910, 912 (E.D. Tex. 2001) (granting dismissal for failure to state a claim upon which relief could be granted). Defendant fails to make any allegations that would satisfy any of these requirements or indicate that he could prove any set of facts which would entitle him to relief.

12.    Interestingly, Defendant apparently copied most of his answer, as well as the trespass and section 1030 counterclaims, *verbatim* from another DIRECTV defendant, John Bettiga, whose attorney operates a website posting pleadings. These counterclaims have already been rejected by the court. Exhibit A is Judge Head's order from the Corpus Christi Division granting DIRECTV's motion to dismiss John Bettiga's counterclaims on these very issues.

13.    Defendant clearly fails to allege a factual basis for a claim under 18 U.S.C. § 1030(g). He therefore fails to state a claim upon which relief can be granted and DIRECTV's motion to dismiss should be granted.

### Defendant Fails to State a Claim for Unfair Competition

14.    Defendant asserts a counterclaim for violation of "the Texas common law tort of unfair competition." *Counterclaims* at ¶ 48. In his rambling seven-page "discussion" about "unfair competition," Defendant fails to cite a single court decision, either state or federal. *See Counterclaims* at ¶¶ 48-67. The reason is simple-- his allegations have nothing to do with unfair competition.[2] Again, Defendant apparently has surfed the net and garnered a pleading from a website that posts information regarding DIRECTV. This time Defendant lifts claims from a suit filed against DIRECTV in California. In fact, Defendant's allegations are wholly based on *California* law on unfair competition. Notably, Defendant fails to inform the Court that these claims were dismissed by the Court in California.

15.    The elements for a common law cause of action for unfair competition in Texas are (1) the plaintiff's use of its trade name or mark that is distinctive and has acquired a secondary meaning; (2) the plaintiff is the senior user of the mark; and (3) the defendant's name or mark would be likely to confuse the public. *Thompson v. Thompson Air Conditioning & Heating, Inc.*, 884 S.W.2d 555, 558 (Tex. App. -- Texarkana 1994, no writ). Plaintiff has not pled and cannot plead any factual allegations remotely related

---

[2] Defendant cannot allege a Deceptive Trade Practices Act claim because Defendant does not, and cannot, allege standing as a "consumer." *See Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 649-50 (Tex. 1996).

to this cause action. Defendant fails to state an unfair competition cause of action and his claim, accordingly, must be dismissed.

### *Defendant Fails to State a Claim for Intentional Infliction of Emotional Distress*

16.     Defendant's intentional infliction of emotional distress claim comprises a single paragraph that in conclusory fashion alleges that "DIRECTV's conduct was extreme and outrageous and proximately caused Morgan severe emotional distress." *Counterclaims* at ¶ 68. Other than complaining that DIRECTV sent him letters, Defendant alleges no facts in particular to support his emotional distress claim.

17.     To prevail on a claim for intentional infliction of emotional distress a party must show (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct proximately caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65-66 (Tex. 1998). Defendant cannot show, nor has he alleged any **facts** that DIRECTV's two demand letters were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000). Further, Defendant fails to state any facts regarding his "severe emotional distress." Defendant merely makes conclusory statements regarding DIRECTV's demand letters that do not meet any of the elements required to sustain his cause of action. Defendant fails to state a cognizable claim for intentional infliction of emotional distress and the claim should be dismissed.

### *Defendant Fails to State a Claim for Defamation*

18.     In another single-paragraph counterclaim, Defendant accuses DIRECTV of libel, slander and defamation. *Counterclaims* at ¶ 69. Defendant, however, fails to state any factual allegations that would meet the elements of a claim for libel, slander or defamation. In fact, Defendant does not even distinguish between these three different causes of action. *Id.* It appears that defamation is the crux of Defendant's accusation. *Id.*

19.     Defamation requires that the defendant publish to a third person a false statement of fact referring to the plaintiff. *WFAA-TV v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998); *Fields v. Keith*, 174 F.Supp. 2d 464, 473 (N.D. Tex. 2001), *aff'd*, 273 F.3d 1099 (5th Cir. 2001). Defendant alleges that DIRECTV sent "extremely harassing and disturbing letters" to him. Defendant makes no assertion that DIRECTV published these "disturbing" letters to a third party as required for a defamation claim. A statement is not considered "published" if it is made only to the party receiving the communication. *Reeves v. Western Co.*, 867 S.W.2d 385, 393 (Tex. App.—San Antonio 1993, writ denied), *overruled on other grounds, Cain v. Hearst Corp.*, 878 S.W.2d 577 (Tex.1994). Moreover, DIRECTV's communications are protected because an absolute privilege applies to communications published during the course of a judicial proceeding. *James v. Brown*, 637 S.W.2d 914, 916 (Tex.1982). This privilege extends to correspondence sent in contemplation of a lawsuit. *James*, 637 S.W.2d at 917; *Crain v. Smith*, 22 S.W.3d 58, 62-63 (Tex. App.— Corpus Christi 2000, n.p.h.); *see also Randolph v. Jackson Walker L.L.P.*, 29 S.W.3d 271, 278-79 (Tex. App. – Houston [14[th] Dist.] 2000, pet. denied).

20.    Defendant's wholly conclusory statements fail to allege any facts necessary to support a cause of action against DIRECTV for libel, slander or defamation. Accordingly, Defendant's counterclaim should be dismissed.

### *Defendant Fails to State a Claim for Negligence*

21.    In still another single-paragraph counterclaim, Defendant alleges that DIRECTV was negligent. *Counterclaims* at ¶ 70. And again, Defendant fails to allege any facts to support his claim.

22.    A cause of action for negligence in Texas requires three elements. *D Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). There must be a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach. *Id.* (citation omitted). Proximate cause requires both cause in fact and foreseeability. *Id.* (citing *Farley v. MM Cattle Co.*, 529 S.W.2d 751, 755 (Tex. 1975)). Defendant's counterclaim for negligence is simply a restatement of the law devoid of any factual allegations. Defendant states that DIRECTV owed him a duty, but fails to provide any factual allegations explaining or demonstrating this alleged duty. Further, Defendant can show no breach of DIRECTV's alleged duty. Finally, Defendant makes no attempt to show any injury in fact or that an injury was foreseeable from this alleged negligence. Defendant's claim for negligence is frivolous and should be dismissed.

### RESPONSE TO DEFENDANT'S ADDITIONAL LEGAL CONCLUSIONS

23.    In his Original Answer and Counterclaims, Defendant alleges legal conclusions that are neither answers, counterclaims nor motions. *See Counterclaims* at

¶¶ 38-41. To the extent that these legal assertions require a response, DIRECTV responds as follows:

### *Failure To State A Claim*

24. A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, "the complaint must either contain direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

25. DIRECTV has pled direct allegations on every material point to sustain a recovery on the relief sought. A plaintiff is only required to provide a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). That DIRECTV has complied with this pleading requirement is confirmed by Defendant's own lengthy Original Answer and Counterclaims wherein Defendant demonstrates that he fully understands the nature of, and the factual grounds for, the claims against him and understands the grounds asserted for entitlement to relief.

### *Severance*

26. DIRECTV's joinder of several defendants is proper and does not prejudice Defendant's right to a fair trial. Rule 20(a) of the Federal Rules of Civil Procedure, provides in relevant part:

> All persons...may be joined in one action as defendants if there is
> asserted against them jointly, *severally*, or in the alternative, any right to

relief in respect of or arising out of the *same transaction, occurrence, or series of transactions or occurrences*, and if *any question of law or fact common* to all defendants will arise in the action.

FED. R. CIV. P. 20(a) (emphasis added). The policy behind Rule 20(a) is the promotion of judicial economy and consistency by enabling a party to avoid costly, overlapping litigation. Permissive joinder of defendants is appropriate if two conditions are met: (1) commonality – a single question of law or fact must be common to all defendants; and (2) transactional relatedness – the claims against the defendants must arise out of the same transaction, occurrence or series of transactions or occurrences.

28. In this action, DIRECTV asserts identical statutory and common law theories against the defendants for their alleged possession, purchase and use of devices designed to pirate DIRECTV's satellite signals. Not only are common questions presented, but common questions of both law and fact predominate. The claims against the defendant are transactionally related; the claims against the various defendants arise out of the same transaction, occurrence, or series of transactions or occurrences. The alleged occurrences giving rise to the claims asserted against the defendants are of the same nature and are reasonably and logically related. Each defendant allegedly purchased the same or similar device under the same or similar circumstances from the same dealer, used it for the same purpose, and injured DIRECTV in the same manner. DIRECTV's claims against Defendant therefore should not be severed from the main action.

### *Improper Service*

27. Service of process on Defendant was proper pursuant to the Federal Rules of Civil Procedure. Rule 4(e)(1) of the Federal Rules allows service to be effected "pursuant to the law of the state in which the district court is located . . ." Texas Rule of

Civil Procedure 106(2) allows the citation to be served by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Defendant was properly served by certified mail and the original summons with affidavit has been filed with the court. Attached as Exhibit B are the summons, affidavit and "green card" showing effective service. Moreover, by answering and appearing before this Court, Defendant has waived his right to challenge jurisdiction.

## PRAYER

Plaintiff, DIRECTV, Inc., respectfully requests the Court to dismiss Defendant Morgan's counterclaims for trespass, violation of 18 U.S.C. §1030, unfair competition, intentional infliction of emotional distress, defamation and negligence for failure to state a claim upon which relief can be granted. DIRECTV, Inc. also prays to recover its costs and attorneys' fees for having to defend against Defendant's frivolous counterclaims and be granted any and all other relief to which DIRECTV, Inc. may be entitled at law or in equity.

Respectfully Submitted,

By: _____

Lecia Chaney
Attorney in Charge
Federal Id No. 16499
Texas State Bar No. 00785757
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren
Brownsville, TX 78522

**OF COUNSEL:**

**Robert Swofford**
Federal ID No. 19403
Texas State Bar No. 00791765
**Kelly-Ann F. Clarke**
Federal ID No. 27195
Texas State Bar No. 24027929
**Joseph R. Russo, Jr.**
Federal ID No. 22559
Texas State Bar No. 24002879
**Joe A. C. Fulcher**
Federal ID No. 14126
Texas State Bar No. 07509320
**GREER, HERZ & ADAMS, L.L.P.**
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 Telephone
(409) 766-6424 Facsimile

## CERTIFICATE OF SERVICE

This is to certify that on the 13ᵗʰ of May, 2003, I served the foregoing pleading on opposing counsel or pro se defendant in the foregoing matter by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows:

Peggy S. Bittick                     *Via Certified Mail RRR*
Law Offices of Peggy S. Bittick
One Themis Place
2400 South Texas Avenue
Pearland, Texas  77581
Attorney for Jimmie Morgan

Juan Coronado A/K/A Joe Coronado *Via Certified Mail RRR*
1501 E. Bowie
Harlingen, TX  78550

Lecia Chaney

05/15/03  12:00 FAX 281 538 3791        GREER HERZ & ADAMS-                        ☑002

02/27/03  15:40  ☎/  788 8424        GREER HERZ ADAMS                        ☑002

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

FEB 2 7 2003

DIRECTV, Inc.                          §
                                       §
                                       §                    19.
vs.                                    §
                                       §          C.A. NO. C-02-507
John Bettiga                           §
                                       §

## Order Denying Counter-Claimant's Request for Class Certification and Granting Plaintiff's Motion to Dismiss the Counter-Claim

In its suit, plaintiff, DIRECTV, accuses defendant, John Bettiga, of violating

federal statutory law and state common law by his alleged surreptitious possession and

use of devices designed for use in illegally intercepting and decrypting DIRECTV's

satellite communications. Bettiga counter-claims that DIRECTV's "pop up"

advertisements amount to a trespass on his personal computer and a violation of 18

U.S.C. § 1030, "fraud and related activity in connection with computers." See F.R.C.P.

13(b). On January 30, 2003, plaintiff filed a F.R.C.P. 12(b)(6) motion to dismiss

Bettiga's counter-claim for failure to state a claim upon which relief may be granted.

For the reasons stated below, the Court denies Bettiga's request for class certification and

grants plaintiff's 12(b)(6) motion to dismiss.

EXHIBIT

"A"

05/15/03  12:00 FAX 281 538 3791        GREER HERZ & ADAMS-                               ☒003

02/27/03   15:41   ☎   766 6424        GREER HERZ ADAMS           ─.                      ☒003

**Facts**

As the basis of his counter-claim, Bettiga alleges that "on more than one occasion" he has been working on his computer when an advertisement for DIRECTV popped up on his screen without his consent or request; and that a pop up advertisement for DIRECTV appeared on his attorney's screen when he was working on the answer and the counter-claim. (Bettiga's attorney is not the plaintiff in this case, or at least should not be). Upon questioning at hearing, Bettiga admitted that he had seen DIRECTV pop up advertisements only twice in the last year.

Bettiga requested class certification of all users of protected computers who have been victimized by an unauthorized pop up advertisement within the last two years. Included within the class of purported defendants are all corporations or other businesses that have either directly or indirectly caused pop up advertisements to appear on protected computers. *Defendant's Answer and Counterclaim*, ¶ 34.

**Discussion**

**1.   Class Certification**

Under F.R.C.P. 23 (a)(4) Bettiga must establish, as a prerequisite to class certification, that "the representative parties will fairly and adequately protect the interests of the class." (West 2002). "Rule 23(a)'s adequacy requirement encompasses class representatives, their counsel, and the relationship between the two." *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002). In evaluating the adequacy of Bettiga

2

05/15/03  12:00 FAX 281 538 3791      GREER HERZ & ADAMS-                                              ☒004

02/27/03   15:41   ☎4'   96 6424          GREER HERZ ADAMS                                           ☒004

as a representative, the Court must consider "[1] the zeal and competence of the representative's counsel and ... [2] the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of the absentees." *Id.* Bettiga has not established, or even sufficiently pled, that he is a proper class representative. Bettiga's counsel has also not shown that he has the resources to undertake nation wide responsibilities. *See id.*; F.R.C.P. 23(a)(4). Additionally, the Court finds that Bettiga's attempt to bring the present counter-claim is more likely a strategy to maneuver the plaintiff into retreating, than a genuine attempt to rid the computer world of pop up advertisements. As such, the Court finds that Bettiga lacks the true willingness necessary to genuinely protect the interests of the prospective class. *See id.*, F.R.C.P. 23(a)(4). The Court therefore denies Bettiga's request for class certification. *See id.*; *Stirman*, 280 F.3d at 563.

## II.   The 12(b)(6) Motion

DIRECTV moved to dismiss Bettiga's trespass and 18 U.S.C. § 1030 claims. At a February 18, 2003, hearing on the motion, Bettiga admitted to the Court that his section 1030 claims were not valid. The Court therefore dismisses them.

Under F.R.C.P. 12(b)(6) a party may move a court to dismiss an action for failure to state a claim upon which relief may be granted. Such a motion is viewed with disfavor and rarely granted. *See Walker v. Texas, Office of the Attorney General*, 217 F. Supp. 2d 776, 778 (N.D.Tex. 2002). In a 12(b)(6) motion the court must decide whether the facts

3

05/15/03  12:01 FAX 281 538 3791      GREER HERZ & ADAMS.-                                    ☑005

02/27/03  15:41   ☎ ͡ 798 6424        GREER HERZ ADAMS              ͡                  ☑005

alleged in the complaint, if true, would entitle the plaintiff to some legal remedy. *See id.*
"A complaint should not be dismissed for failure to state a claim unless it appears beyond
a doubt that the plaintiff can prove no set of facts in support of his claim which would
entitle him to relief." *See id.* Where a complaint asserts merely conclusory allegations
and unwarranted deductions of fact, they are not admitted as true. *See id.*

In this case Bettiga alleges a trespass claim against DIRECTV. It appears without
a doubt, however, that Bettiga can prove no set of facts that would entitle him to relief
under a theory of trespass.

Bettiga's claim is for a trespass to chattels. Under Texas law, a trespass to chattels
is the wrongful interference "with the use or possession of property." *Omnibus
International, Inc., v. AT& T, Inc., et. al.,* 2002 WL 31618413, *4 (Tex.App. – Dallas
2002) *unpublished (citing Zapata v. Ford Motor Credit Co.,* 615 S.W.2d 198, 201 (Tex.
1981). For liability to attach, the wrongful interference must either be accompanied by
actual damage to the property or deprive the owner of its use for a substantial period. *See
Zapata v. Ford Motor Credit Co.,* 615 S.W.2d 198, 201 (Tex. 1981); *Omnibus
International,* 2002 WL 31618413 at *4 (citations omitted); *Russel v. American Real
Estate Corp.,* 89 S.W.3d 204, 208 (Tex. App. – Corpus Christi 2002). Relying upon two
district court cases that found unauthorized spam email advertisement activities
constituted trespass to chattels, *American Online v. IMS,* 24 F.Supp.2d 548 (E.D. Vir.
1998) and *CompuServe Inc. v. Cyber Promotions, Inc.,* 962 F.Supp.1015 (S.D. Ohio

4

05/15/03  12:01 FAX 281 538 3791    GREER HERZ & ADAMS-    ☑006

02/27/03  15:42  ☎  765 8424    GREER HERZ ADAMS    ☑006

1997), Bettiga argues that DIRECTV's pop up advertisements similarly constituted trespass to chattels. *American Online* and *CompuServe* are distinguishable from the present case in two respects: neither case applied Texas law, and in both cases the plaintiffs demonstrated actual harm due to the trespass. *See American Online*, 24 F.Supp.2d 548, 550 (citations omitted); *CompuServe*, 962 F.Supp. at 102.

In *American Online*, the plaintiff was a computer server that alleged specific and significant harm resulting from the unauthorized sending of spam messages. The court explained,

> AOL alleges that Mello (the defendant) sent over 60 million
> e-mail messages over the course of 10 months; that he
> continued to send unauthorized bulk email after he was
> notified in writing by AOL to cease and desist these
> activities; that his activities caused AOL to spend technical
> resources and staff time to defend its computer system and its
> membership against this spam; and that Mello's messages
> damaged AOL's goodwill among its members and generated
> more than 50,000 member complaints.

*American Online*, 24 F.Supp.2d at 549. Likewise, in *CompuServe* the plaintiff was also a computer server alleging specific and significant harm due to unauthorized spam messages. *See CompuServe*, 962 F.Supp. at 1017. CompuServe alleged that the unauthorized mailings placed a tremendous burden on its equipment, and that many of its clients were threatening to discontinue their service due to the receipt of mass mail. *See id.*

5

05/15/03  12:01 FAX 281 538 3791        GREER HERZ & ADAMS-                    ☑007
02/27/03   13:42   ☎   766 4424        GREER HERZ ADAMS                         ☑007

Bettiga alleges no such analogous harm. His alleged harm consists solely of two incidents where he saw a DIRECTV pop up advertisement on his computer. Unlike, *America Online* or *CompuServe*, he cannot show either a substantial investment used in deterring the uninvited pop ups, or a substantial harm to his business interest due to the pop up advertisements. Indeed as an individual claimant, he can not show the aggregate harm that either American Online or CompuServe suffered. Bettiga's experience, fleeting and rare, is not sufficient to establish a trespass to chattels claim under Texas law. *See Omnibus International, Inc., v. AT& T, Inc., et. al.*, 2002 WL 31618413, *4 (finding that AT&T faxed advertisements did not actually damage or deprive the owner of its use for a substantial period of time where they used plaintiff's toner, paper, and facsimile time). *See, e.g., Zapata v. Ford Motor Credit Co.*, 615 S.W.2d at 201.

## Conclusion

For the above explained reasons, the Court denies Bettiga's request for class certification, and grants plaintiff's motion to dismiss defendant's counter-claims.

ORDERED this _____26_____ day of _____Feb_____, 2003.

H. W. HEAD, JR.
UNITED STATES DISTRICT JUDGE

6