IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DIRECTV, Inc., § | |
| § | B-03-154 |
| Plaintiff, § | |
| § | No. CIV. B-03-053 |
| v. § | |
| § | |
| JUAN CORONADO A/K/A JOE § | |
| CORONADO and JIMMIE MORGAN § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT JIMMIE MORGAN'S
MOTION TO DISMISS FOR PLAINTIFF'S FAILURE
TO STATE A CLAIM UNDER 18 U.S.C. §2512**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Plaintiff, DIRECTV, Inc. ("DIRECTV") and files this Response to Defendant Jimmie Morgan's Motion to Dismiss for Plaintiff's Failure to State a Claim under 18 U.S.C. §2512 and would show:

**PRELIMINARY STATEMENT**

1. DIRECTV responds to Defendant Jimmie Morgan's ("Defendant") Motion to Dismiss for Plaintiff's Failure to State a Claim under 18 U.S.C. §2512 ("Motion") and requests an order denying Defendant's Motion.

2. A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Rule 8(a) of the Federal Rules of

#110951                                    1

Civil Procedure only requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

3. Citing no authority, Defendant seeks to dismiss DIRECTV's 18 U.S.C. §2512(1)(b) claim ("Section 2512") because Section 2512 allegedly does not grant DIRECTV a private right of action. Defendant's motion must fail because 18 U.S.C. §2520 ("Section 2520"), expressly confers a private right of action to sue for violations of Section 2512.

**FEDERAL LAW EXPRESSLY CONFERS A PRIVATE RIGHT OF ACTION FOR VIOLATION OF SECTION 2512(1)(b).**

4. DIRECTV alleges in its Complaint that Defendant has "possessed and used" devices that are primarily useful for illegally intercepting and decoding DIRECTV's satellite television programming, in violation of Section 2512. Defendant contends that Section 2512 does not "directly mention" or "indirectly suggest" civil liability or private recourse for any violation. Contrary to Defendant's assertion, Section 2520 expressly confers a private right of action to sue under Section 2512.

5. Section 2512 is contained in Chapter 119 of the federal criminal statutes, entitled Wire And Electronic Communications Interception And Interception Of Oral Communications. Section 2520 of Chapter 119, provides in relevant part:

> ". . . any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation *of this chapter may in a civil action recover from the person or entity ... which engaged in that violation* such relief as may be appropriate."

18 U.S.C. § 2520(a) (emphasis added). DIRECTV alleges that its electronic satellite communications were intercepted and used in violation of Chapter 119, and that Defendant engaged in that violation, including by possessing and using devices prohibited by §2512(1)(b).

#110951                                2

DIRECTV thus asserts a claim against Defendant that is expressly within the private right of action that Section 2520 confers. Section 2520 clearly grants a private right of action permitting DIRECTV to sue Defendant for violation of Section 2512.

6.  In cases involving similar allegations, Federal district courts have recognized that Section 2520 confers a private right of action to assert claims under Section 2512. In *Oceanic Cablevision, Inc. v. M.D. Electronics,* 771 F. Supp. 1019, 1022 (D. Nebr. 1991), plaintiff, a cable television provider, sued defendants under Section 2512 for selling equipment used to gain unauthorized access to plaintiff's programming. Defendants moved to dismiss on grounds that there is no private right of action under Section 2512. *Id.* at 1026. The court disagreed, holding that Section 2520 "confers a private cause of action upon persons when the action is brought against parties that have violated the provisions of §§ 2510 – 2521," *i.e.,* any of the statutory sections contained within Chapter 119. *Id.* at 1027. Recently, in *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002), the court relied upon Section 2520 and *Oceanic Cablevision* to conclude that DIRECTV could bring a private cause of action for violation of Section 2512.

7.  Based on a plain reading of Section 2520, there is no question that it confers a private cause of action for violation of Section 2512. Defendant's motion to dismiss DIRECTV's Section 2512 claim should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DIRECTV, Inc., respectfully prays that the Court deny Defendant Jimmie Morgan's Motion to Dismiss for Plaintiff's Failure to State a Claim under 18 U.S.C. §2512, and grant such other relief to which DIRECTV shows itself entitled.

Respectfully Submitted,

By: /s/ Lecia Chaney
Lecia L. Chaney
Attorney in Charge
Texas State Bar No. 00785757
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren Street
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441

Facsimile: (956) 541-2170

OF COUNSEL:
**Robert A. Swofford**
Federal ID No. 19403
Texas State Bar No. 00791765
**Kelly-Ann F. Clarke**
Federal ID No. 27195
Texas State Bar No. 24027929
**Joseph R. Russo, Jr.**
Federal ID No. 22559
Texas State Bar No. 24002879
**Joe A. C. Fulcher**
Federal ID No. 14126
Texas State Bar No. 07509320
GREER, HERZ & ADAMS, L.L.P
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 Telephone
(409) 766-6424 Facsimile

#110951                                    4

## CERTIFICATE OF SERVICE

This is to certify that on the 28 of May, 2003, I served the foregoing pleading on opposing counsel or pro se defendant in the foregoing matter by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows:

*Via Certified Mail*
*Return Receipt Requested*

Peggy S. Bittick
Law Offices of Peggy S. Bittick
One Themis Place
2400 South Texas Avenue
Pearland, Texas 77581
Attorney for Jimmie Morgan

Juan Coronado a/k/a Joe Coronado
1501 E. Bowie
Harlingen, TX 78550

_____
Lecia L. Chaney

#110951                                     5

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIRECTV, Inc., | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. CIV. B-03-053 |
| JUAN CORONADO A/K/A JOE CORONADO and JIMMIE MORGAN | § § § § | |
| Defendants. | § § | |

## ORDER DENYING DEFENDANT JIMMIE MORGAN'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UNDER 18 U.S.C. §2515

Before the Court is Defendant Jimmie Morgan's Motion to Dismiss for Plaintiff's Failure to State a Claim under 18 U.S.C. §2512. The Court has reviewed the Complaint, the Motion, Plaintiff's Response, and the arguments of counsel. The Court finds that Defendant Jimmie Morgan's Motion to Dismiss for Plaintiff's Failure to State a Claim under 18 U.S.C. §2512 should be denied.

Defendant Jimmie Morgan's Motion to Dismiss for Plaintiff's Failure to State a Claim under 18 U.S.C. §2512 is, therefore, DENIED.

DONE this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT JUDGE