IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

DEC - 3 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DIRECTV, INC., | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| JIMMIE MORGAN | § | CIVIL ACTION NO. B-03-154 |
| | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

## DEFENDANT JIMMIE MORGAN'S WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION OF MAGISTRATE JUDGE'S DECISION TO DENY DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UNDER 18 U.S.C. § 2512

Defendant, Jimmie Morgan, files these written objections to the proposed findings, conclusions, and recommendations of Magistrate Judge Recio's decision to deny Defendant's motion to dismiss Plaintiff's claim under 18 U.S.C. § 2512 for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6).

### Introduction

1. Plaintiff is DIRECTV, Inc.; Defendant is Jimmie Morgan.

2. Defendant, Jimmie Morgan, filed a Motion to Dismiss for Plaintiff's failure to state a cause of action under 18 U.S.C. § 2512.

3. On December 1, 2003, Magistrate Judge Recio denied Defendant's Motion to Dismiss.

4. Defendant objects to Judge Recio's findings and conclusions and respectfully requests that the Court reconsider his Motion to Dismiss.

1

5.  **In support of his position that Judge Recio's decision should be reconsidered, Defendant has attached three exhibits evidencing other judge's decisions to grant defendants' motions to dismiss DirecTV's section 2512 claim on the same grounds.  (See paragraphs 12-14 below and attached Exhibits "A," "B," and "C").**

### Argument

6.  A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint demonstrates, beyond doubt, that plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Doe v. Hillsboro ISD*, 81 F.3d 1395, 1401-02 (5th Cir. 1996).

7.  In the complaint, DIRECTV alleged facts against various defendants, including Defendant Jimmie Morgan, for violations of 18 U.S.C. § 2512.   Even if DIRECTV proves each of these allegations, DIRECTV has not set forth the essential elements necessary to state a claim upon which relief can be granted.

8.  18 U.S.C. § 2512 is a criminal statute, under which there is no civil liability and states in pertinent part as follows:

> [A]ny person who intentionally ... manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce ... shall be fined not more than $10,000 or imprisoned not more than five years, or both.

> Section 2512(1)(b).

9.  18 U.S.C. § 2512 does not directly mention civil liability or indirectly suggest that Congress intended to provide private recourse for any violations.

2

10. On the other hand, 18 U.S.C. § *2520* does create a civil right of action for certain specific violations.    Section 2520(1) provides that "any person whose wire, oral, or electronic communication is **intercepted, disclosed, or intentionally used** in violation of this chapter" may recover in a civil action.

11. The acts that are criminally prohibited under 18 U.S.C. § 2512 are clearly not included in 18 U.S.C. § 2520.

12. Attached as Exhibit "A" and incorporated herein by reference is a copy of an October 31, 2003 Memorandum and Order from the Southern District of Texas, Houston Division granting a defendant's Motion to Dismiss Plaintiff's § 2512 claim.

13. Attached as Exhibit "B" and incorporated herein by reference is a copy of a November 24, 2003 Order from the Southern District of Texas, Beaumont Division, granting a defendant's Motion to Dismiss Plaintiff's § 2512 claim.

14. Attached as Exhibit "C" and incorporated herein by reference is a copy of an October 8, 2003 Order from the Southern District of Texas, Corpus Christi Division granting a defendant's Motion to Dismiss Plaintiff's § 2512 claim.

15. Since 18 U.S.C. § 2512  does not provide a private right of action, DIRECTV, a California Corporation, lacks standing to bring an action under 18 U.S.C. § 2512, cannot state an action for damages under 18 U.S.C. § 2512 , and, accordingly, any claim under 18 U.S.C. § 2512  against Defendant, Jimmie Morgan,  should therefore be dismissed.

3

## Conclusion

16. Because DIRECTV did not state a claim upon which relief can be granted under 18 U.S.C. §

2512, the Court should dismiss this claim.

Respectfully submitted,

**Law Offices of Peggy S. Bittick**

By: *PSB / by CSH*

Peggy S. Bittick
Texas Bar No. 00793346
Southern District Bar No:  19251
One Themis Place
2400 South Texas Avenue
Pearland, Texas  77581
Tel. (281)485-3500
Fax. (281)485-0171
Attorney-in-Charge for Defendant
JIMMIE MORGAN

**OF COUNSEL:**
Carrie S. Holman
Texas Bar No. 24032430
Southern District Bar No. 32883

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was served as follows, pursuant to the Federal Rules of Civil Procedure, on December 2, 2003:

Lecia Chaney
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren
Brownsville, TX 78522
Via Facsimile 956.541.2170
**Attorney for Plaintiff DirecTV**

Carrie S. Holman

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | § | |
|       Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JIMMIE MORGAN | § | CIVIL ACTION NO. B-03-154 |
| | § | |
| | § | |
|     Defendants. | § | JURY TRIAL DEMANDED |

## AMENDED ORDER OF DEFENDANT
## JIMMIE MORGAN'S MOTION TO DISMISS

After reconsidering Defendant Jimmie Morgan motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and the response, the Court

GRANTS the motion to dismiss the 18 U.S.C. § 2512 claim against Defendant, Jimmie Morgan, and the 18 U.S.C. § 2512 claim is dismissed with prejudice as to Defendant, Jimmie Morgan.

SIGNED on _____, 2003.


_____
UNITED STATES DISTRICT JUDGE

5

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

OCT 2 9 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DIRECTV, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-1757 |
| | § | |
| QUAN NGUYEN, ANDY NGUYEN, | § | |
| CUONG NGUYEN, DANNY NGUYEN, | § | |
| HAI NGUYEN, JOHN NGUYEN, | § | |
| KHANH NGUYEN, NEWTON | § | |
| NGUYEN, NICK NGUYEN, PHU | § | |
| NGUYEN, QUYEN NGUYEN, AND | § | |
| THANH NGUYEN | § | |
|     Defendants. | § | |

**MEMORANDUM AND ORDER
DISMISSING COUNTERCLAIMS**

    This matter is before the Court on Plaintiff DIRECTV, Inc.'s Rule 12(b)(6) Motions to Dismiss Defendants Cuong Nguyen and Danny Nguyen's Counterclaims ("Plaintiff's Motions") [Docs. # 16 and # 19 respectively].  Defendants Cuong Nguyen and Danny Nguyen have filed a joint response [Doc. # 27].  This matter is ripe for decision.  Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that Plaintiff's Motions should be **granted**.

1.    **BACKGROUND**

    Plaintiff has sued Defendants for violation of several federal statutes and Texas state law, alleging that Defendants improperly received, transmitted, and used Plaintiff's satellite

programming signals.  Plaintiff alleges that Defendants Cuong Nguyen and Danny Nguyen

purchased and possessed one or more "Pirate Access Devices" designed to repair DIRECTV

access cards that have been rendered unusable due to illegitimate use and specifically

designed for use with software that permits the illegal programming of valid DIRECTV

access devices.  Original Complaint [Doc. # 1], ¶¶ 15 & 18.  Cuong Nguyen and Danny

Nguyen filed Original Answers and Counterclaims [Docs. # 4 and # 13] (collectively referred

to hereafter as "Counterclaims") for unfair competition, intentional infliction emotional

distress, libel/defamation/slander, and negligence.[1]   Plaintiff moves to dismiss each of

Cuong Nguyen and Danny Nguyen's counterclaims.

## II.    LEGAL STANDARDS

A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 725

(5th Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Thus, the Court

must determine whether the complaint states any valid claim for relief in the light most

favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf. *Collins v.

Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The complaint must be

liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be

taken as true. *Manguno*, 276 F.3d at 725.  However, the plaintiff must plead specific facts,

---

[1]     The wording and paragraph-numbering of Defendants Danny Nguyen and Cuong Nguyen's
Counterclaims are identical.

not mere conclusory allegations or unwarranted deductions of fact, in order to avoid

dismissal for failure to state a claim. *Collins*, 224 F.3d at 498. In sum, "[a] Rule 12(b)(6)

motion should be granted only if it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief. On the other hand, . . .

conclusory allegations or legal conclusions masquerading as factual conclusions will not

suffice to prevent dismissal under Rule 12(b)(6)." *ABC Arbitrage Plaintiffs Group v.

Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002) (footnote omitted).[2]

## III.   ANALYSIS

### A.   Unfair Competition

Defendants allege that DIRECTV has engaged in the "Texas common law tort of

unfair competition."[3] Counterclaims, ¶ 41. "Unfair competition under Texas law is the

umbrella for all statutory and nonstatutory causes of action arising out of business conduct

which is contrary to honest practice in industrial or commercial matters." *Taylor Pub. v.

---

[2]  Defendants argue that if a complaint is ambiguous, conclusory, confused, or lacking in sufficient information that would allow the other party to frame a responsive pleading, the proper remedy is a motion for a more definite statement under Rule 12(e) rather than a motion to dismiss. Defendants' Response, at 2. While sometimes such a motion is appropriate, it is not the only permissible response. If a party does not plead *specific facts*, Rule 12(b)(6) dismissal is appropriate. *See Collins*, 224 F.3d at 498. Defendants could have sought leave to amend to include specific facts in response to Plaintiff's motion to dismiss, but have failed to do so. Moreover, nothing in the counterclaims or any pleadings on file suggests Defendants can possibly plead facts sufficient to state viable counterclaims on any of the grounds asserted.

[3]  DIRECTV believes Defendants copied this claim from a pleading filed in California, which was based solely on California law and has been dismissed by the California court. Plaintiff's Motions, ¶ 6.

*Josten's*, 216 F.3d 465, 486 (5th Cir. 2000) (citations and internal quotation marks omitted).

Texas law recognizes several independent causes of action that fall within the broad scope

of "unfair competition." *See, e.g., Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711 (Tex.

2001) (interference with prospective business relations); *Browning Ferris, Inc. v. Reyna*, 865

S.W.2d 925, 926 (Tex. 1993) (tortious interference with an existing contract); *Hurlbut v. Gulf

Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987) (business disparagement); *All Am.

Builders Inc. v. All Am. Siding of Dallas, Inc.*, 991 S.W.2d 484, 488 (Tex. App.–Fort Worth

1999, no pet.) (trade name infringement); *United States Sporting Prods., Inc. v. Johnny

Stewart Game Calls, Inc.*, 865 S.W.2d 214, 217 (Tex. App.–Waco 1993, writ denied)

(misappropriation); *see also Reliable Ambulance Serv. Inc. v. Mercy Hospital of Laredo*, No.

04-02-00188-CV, 2003 WL 21972724, *2 (Tex. App.–San Antonio August 20, 2003) (citing

the above cases for the proposition that "[w]ithin the broad scope of 'unfair competition' as

a general area of the law, Texas recognizes a number of independent causes of action"). As

demonstrated in the next sections of this Memorandum, Defendants have failed to state any

independent tort on which an unfair competition claim can be based.    Accordingly,

Defendants' unfair competition claim will be dismissed.

There is a second reason for dismissal of the unfair competition claims. Regardless

of the independent tort forming the basis of an unfair competition claim, the alleged act

"must interfere with Plaintiff's ability to conduct its business." *Josten's, Inc.*, 216 F.3d at

486.    Defendants' counterclaims are deficient because they do not allege specific facts

showing that DirecTV's conduct "interfered with [Danny Nguyen's or Cuong Nguyen's] ability to conduct [his] business." In other words, Defendants' factual allegations do not address anti-competitive behavior by Plaintiff. Defendants allege that DIRECTV, the "nation's leading direct broadcast satellite system," Counterclaims, ¶ 42, sent "Demand Letters" to all persons it identified through review of business records obtained from suspected "piraters" without investigating whether the persons actually purchased or used illegal devices. *Id.,* ¶ 47. The Demand Letters allegedly contain false, misleading and deceptive statements, *Id.,* ¶¶ 52, 54, and were used to intimidate and coerce people into forfeiting their equipment and to "extort" money, *Id.,* ¶ 46, all in violation of the Texas Penal Code and federal mail and wire fraud statutes. *Id.,* ¶ 56. The fact that a penal statute bars conduct does not necessarily mean that a civil cause of action exists. *Reeder v. Daniel,* 61 S.W.3d 359, 362 (Tex. 2001). Defendants have not cited any authority creating the civil cause of action they seek to pursue.[4] The Court concludes that Defendants have not stated

---

[4]    The cases cited by Defendants in their response correctly characterize Texas law of unfair competition, but in these cases, unlike the claims at hand, the parties were alleged to be *in competition* with one another. *See, e.g., Seartrax, Inc. v. Sonbeck Int'l, Inc.,* 200 F.3d 358, 367-68 (5th Cir. 2000) (manufacturer sues aftermarket parts supplier); *Am. Heritage Life Ins. Co. v Heritage Life Ins. Co.,* 494 F.2d 3, 14 (5th Cir. 174) (life insurance company sues another life insurance company); *Kane v. NACE Int'l,* 117 F.Supp. 2d 592, 596 (S.D. Tex. 2000) (trade association member sues trade association for denying him access to important markets in his industry); *Laughlin Prods. v. ETS, Inc.,* 257 F. Supp. 2d 863, 872 (N.D. Tex. 2002) (patent owner sues patent applicant). Because Defendants Cuong Nguyen and Danny Nguyen do not allege that DirecTV's conduct injured their ability to conduct business, their claim must be dismissed. To the extent that Defendants wish to rely for this necessary element of their claim on a statement in their defamation counterclaim which states that Plaintiff's conduct "injured their business reputation," this statement is not a "specific fact" sufficient enough to allow Defendants' counterclaim to survive a motion to dismiss.

causes of action for common law unfair competition under Texas law. Therefore, Defendants' unfair competition counterclaim will be dismissed.

### B.    Intentional Infliction of Emotional Distress

Defendants' entire claim for intentional infliction of emotional distress ("IIED") is as follows: "DIRECTV, Inc. intentionally or recklessly sent extremely harassing and disturbing letters to Nguyen falsely accusing him of crimes and threatening him so that he would be afraid and send thousands of dollars to DIRECTV. DIRECTV's conduct was extreme and outrageous and proximately caused Nguyen severe emotional distress. Nguyen suffered damages for which Nguyen herein sues." Counterclaims, ¶ 68. Defendants' pleadings refer to the elements of an IIED cause of action under Texas law, but only in conclusory and general fashion. *See Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65-66 (Tex. 1998) (holding that to prevail on a claim for intentional infliction of emotional distress a plaintiff must show (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct proximately caused the plaintiff emotional distress; and (4) the emotional distress suffered by plaintiff was severe.). Defendants' superficial claim of IIED is legally insufficient because the pleadings include only legal conclusions. In the absence of allegations of necessary specific facts, the claim should be dismissed. *See Collins*, 224 F.3d at 498.

The Court also concludes that Defendants can prove no set of facts that will support the key element of their IIED claim, the allegation of extreme and outrageous conduct by

DIRECTV. Despite Defendants' arguments to the contrary, Plaintiff's Demand Letters, even if false and misleading and designed to intimidate Defendants, do not rise to the level of extreme and outrageous conduct under Texas law. Extreme and outrageous conduct is that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Morgan v. Anthony*, 27 S. W.3d 928, 929 (Tex. 2000). "Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not rise to the level of extreme and outrageous conduct." *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999). Defendants' intentional infliction of emotional distress claim is patently insufficient and will be dismissed.

### C.    Defamation/Libel/Slander

Defendants' claim for Libel/Defamation/Slander states "DIRECTV with actual malice published a false statement of fact referring to Nguyen, which injured Nguyen's reputation, impeached Nguyen's honesty, injured Nguyen'[s] business reputation an imputed a crime against Nguyen. Nguyen suffered damages . . . ."[5] Counterclaims, ¶ 69. Defendants' failure to make factual allegations in connection with this claim is fatal. *See Collins*, 224 F.3d at 498. The only facts alleged in the Counterclaims relate to DIRECTV's Demand Letters. The Demand Letters were received by Defendants themselves. There are no facts that support an allegation that DIRECTV published any statement regarding Nguyen to a third party, a

---

[5]    "Defamation" is an umbrella term that includes both libel (written defamation) and slander (oral defamation).

necessary element of defamation. *WFAA-TV v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Defendants' reliance on Plaintiff's filing of the Complaint in this case for the allegedly defamatory statements on which he sued is misplaced. Defendants' Response, at 5. Statements made in connection with a legal proceeding are absolutely privileged and not actionable in defamation. *James v. Brown*, 637 S.W.2d 914, 917 (Tex. 1982). Thus, Defendants' counterclaim for "libel/defamation/slander" will be dismissed.

**D.    Negligence**

Nguyen alleges that DIRECTV, Inc. owed him a legal duty, that DIRECTV breached this duty, and thus DIRECTV proximately caused him injury. Danny Nguyen and Cuong Nguyen seek "all available damages for injuries caused by DIRECTV's negligence." Counterclaims, ¶ 70. This conclusory allegation is unsupported by any factual allegations and does not state a claim. *See Collins*, 224 F.3d at 498. Defendants' negligence claim also fails because there are no facts alleged in the Counterclaims that indicate they suffered an actual injury.[6] Defendants' negligence counterclaims will be dismissed.

---

[6]    The fact that Defendants' do not have to "show" that they suffered an injury at the motion to dismiss stage is not dispositive. Defendants do not have to *prove* that they suffered an injury at the motion to dismiss stage, but they do have to *allege* facts supporting an actual injury at that time. A conclusory statement that Defendants suffered "injuries" is not enough.

## IV.    CONCLUSION AND ORDER

The Court concludes that Defendants cannot state a claim for unfair competition, intentional infliction of emotional distress. libel/defamation/slander, or negligence.  It is therefore,

**ORDERED** that Plaintiff's Rule 12(b)(6) Motions to Dismiss Defendants, Cuong Nguyen and Danny Nguyen's, Counterclaims [Docs. # 16 and # 19 ] are **GRANTED in their entirety**.

SIGNED at Houston, Texas, this _28th_ day of October 2003.

NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE

# EXHIBIT "B"

EOD ___NOV 2 5 2003___

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED - CLERK
U.S. DISTRICT COURT
'03 NOV 24 PM 3 58
TX EASTERN-BEAUMONT

BY _____

| | | |
|---|---|---|
| DIRECTV, INC., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 1:03-CV-161 |
| | § | Judge Howell Cobb |
| ALBERTS, et al., | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANT LES BECKER'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT

Defendant Les Becker moves this Court to dismiss Count III of Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that 18 U.S.C. § 2520 does not provide a private cause of action for violations of 18 U.S.C. § 2512. This Court has surveyed cases throughout the country that have addressed this exact issue and has found that the courts are split in their decisions. *Compare, e.g., DIRECTV, Inc. v. Perez*, 279 F. Supp. 2d 962 (N.D. Ill. 2003)(denying motion to dismiss on these grounds) *with DIRECTV, Inc. v Childers*, 274 F. Supp. 2d 1287 (M.D. Ala. 2003)(granting motion to dismiss on these grounds).

Upon reading the unreported and reported decisions of several courts, and after an examination of *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158 (5th Cir. 2000), this Court finds the logic and conclusions made by three sister district courts in the Fifth Circuit to be the most persuasive. *See DIRECTV, Inc. v. Jerolleman*, No. Civ. A. 03-1465, 2003 WL 22697177 (E.D. La. Nov. 12, 2003)(Engelhardt, J.); *DIRECTV, Inc. v. Nguyen*, No. Civ. A. H-03-1757 (S.D. Tex. Oct. 31, 2003)(Atlas, J.)(memorandum and order granting motion to dismiss); *DIRECTV, Inc. v. Harvey*, No.

C-03-198 (S.D. Tex. Oct. 8, 2003)(Jack, J.)(order granting motion to dismiss). This Court adopts their collective reasoning in finding that § 2520 does not provide a private cause of action for violations of § 2512 and in GRANTING Defendant Les Becker's motion to dismiss.

Therefore it is ORDERED that Defendant Les Becker's Motion to Dismiss Count III of Plaintiff's Original Complaint for failure to state a claim pursuant to Rule 12(b)(6) is GRANTED. This claim is hereby DISMISSED with prejudice.

Signed on this twenty-fourth day of November, 2003.

HOWELL COBB
UNITED STATES DISTRICT JUDGE

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 0 8 2003

Michael N. Milby. Clerk of Court

DIRECTV, INC.                    §
                                 §
        Plaintiff,               §
                                 §
VS.                              §   Civil Action No. C-03-198
                                 §
PATTI HARVEY,                    §
                                 §
        Defendant.               §

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On this day came on to be heard Defendant Patti Harvey's Motion to Dismiss for Failure to State a Claim.  For the reasons set forth below, the Court GRANTS the motion and DISMISSES Count 3 of Plaintiff's Complaint.

## I. JURISDICTION

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff has brought claims under 47 U.S.C. § 605 and 18 U.S.C. §§ 2510-22.  The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

## II. FACTS

Plaintiff DirecTV, Inc. ("DirecTV") provides television programming to millions of subscribers in the United States through a direct broadcast satellite system.  DirecTV relays digital signals from the U.S. to satellites; these signals are then broadcast back to Earth.  Customers of DirecTV receive the television programming through the use of a fixed outdoor satellite dish designed to capture the satellite broadcast signals.  The dish

is connected by cable to an indoor satellite receiver which, in turn, connects by cable to a television.

To prevent unauthorized and unpaid viewing of its programming, DirecTV uses encryption technology to encrypt (or scramble) its satellite broadcast signal. A removable access card in the receiver decrypts (unscrambles) DirecTV's signal -- it "manages the opening and closing of television signals offered by DirecTV." (Pl.'s Orig. Compl., ¶ 3.) Properly operated, these access cards can be electronically programmed by DirecTV to close or open television channels. By paying DirecTV a subscription fee, DirecTV directs its customers' access cards to decrypt portions of the satellite signal, depending on the level of service purchased. Customers generally pay on a monthly basis. Besides monthly programming packages, DirecTV also sells per-show or per-package programming (like pay-per-view movies and sporting events). The access card records these purchases.

Despite the encryption technology DirecTV uses on its access cards, devices and equipment exist (including illegally programmed access cards) designed to essentially steal DirecTV's signals (collectively "Pirate Access Devices" or "PADs"). Use of PADs usually supplies the user with access to all of DirecTV's programming without payment to DirecTV. Several companies sell PADs to consumers.

On 25 May 2001, DirecTV executed Writs of Seizure (with local law enforcement assistance) at a mail shipping facility in Texas

2

used by these PAD distributors.  As a result, DirecTV obtained shipping records, emails, credit card receipts, and other records evidencing the sale and purchase of PADs.

According to DirecTV, the seized evidence indicated that Defendant Harvey purchased a PAD.  Harvey is alleged to have possessed and used this PAD.

Based on this information, DirecTV filed the instant six count lawsuit against Harvey.  Generally, the case "involves the surreptitious possession and use of illegal devices and equipment designed to intercept and decrypt DirecTV's protected satellite communications" in violation of federal and state law (Pl.'s Orig. Compl., ¶ 1.).  Count 3, which Harvey seeks to dismiss, alleges that Harvey knowingly possessed, manufactured, or assembled devices primarily useful for surreptitious interception of electronic communication that had been sent through the mail in violation of 18 U.S.C. § 2512.

Harvey filed a motion to dismiss count 3 for failure to to state a claim upon which relief can be granted.  DirecTV has responded in opposition.  The Court now considers the motion.

## III. DISCUSSION

### A. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the court to dismiss a claim on the basis of dispositive law. Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832 (1989).  The motion to dismiss for failure to state a claim is

viewed with disfavor and rarely granted. <u>Kaiser Aluminum &</u>
<u>Chemical Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045,
1050 (5ᵗʰ Cir. 1982). When ruling on a 12(b)(6) motion to dismiss,
the Court must accept the plaintiff's factual allegations as true,
and view these allegations in a light most favorable to the
plaintiff. <u>Capital Parks, Inc. v. Southeastern Advertising &</u>
<u>Sales Sys.</u>, 30 F.3d 627, 629 (5ᵗʰ Cir. 1994); <u>Cinel v. Connick</u>, 15
F.3d 1338, 1341 (5ᵗʰ Cir. 1994); <u>O'Quinn v. Manuel</u>, 773 F.2d 605,
60-8 (5ᵗʰ Cir. 1985). In a 12(b)(6) motion, the Court should not
look beyond the pleadings. <u>McCartney v. First City Bank</u>, 970 F.2d
45, 47 (5ᵗʰ Cir. 1992). A 12(b)(6) motion should not be granted
"unless it appears beyond a doubt that the plaintiff can prove no
set of facts in support of his claim which entitle him to relief."
<u>Conley v. Gibson</u>, 335 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957);
<u>Mitchell v. McBryde</u>, 944 F.2d 229, 230 (5ᵗʰ Cir. 1991). The
question before the Court in examining a 12(b)(6) motion is whether
in the plaintiff's complaint states any valid claim for relief.
<u>Conley</u>, 335 U.S. at 45-46; <u>Lowrey v. Texas A&M Univ. System</u>, 117
F.3d 242 (5ᵗʰ Cir. 1997); <u>Mitchell</u>, 944 F.2d at 230.

Since federal courts simply require "notice pleading," the
Court construes Plaintiff's pleading liberally, and lack of detail
does not constitute a sufficient ground to dismiss a complaint
under Rule 12(b)(6). <u>Strauss v. City of Chicago</u>, 760 F.2d 765, 767
(7ᵗʰ Cir. 1985).

DirecTV claims a private right of action for the violation of

4

§ 2512 by virtue of 18 U.S.C. § 2520. Section 2520 provides, in relevant part, that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation." 18 U.S.C. § 2520(a)(emphasis added). Section 2511 makes it a crime, among other things, to intercept, or use any device to intercept, an electronic communication. 18 U.S.C. § 2511. Section 2512 makes it a crime to manufacture, assemble, posses, or sell any device designed to intercept electronic communications. 18 U.S.C. § 2512.

Harvey claims that DirecTV cannot bring a civil action under 28 U.S.C. § 2512 as it "is a criminal statute, under which there is no civil liability." (Def.'s Mot. to Dis., ¶ 7.) In short, Harvey asserts that "18 U.S.C. § 2512 does not provide a private right of action." (Id., ¶ 10.)

The Fourth Circuit, in Flowers v. Tandy Corp., held that the express language of § 2520 does not provide a cause of action for one who engages in conduct which is a violation of § 2512, but which is not violative of § 2511. 773 F.2d 585, 589 (4th Cir. 1985). Many district courts have followed the Fourth Circuit's reasoning and have come to the same conclusion. See, e.g., DirecTV v. Westendorf, No. 03-C-50210, 2003 WL 22139786, * 2 (N.D. Ill. Sept. 16, 2003); DirecTV v. Childers, No. 03-A-517-E, 2003 WL 21782295, *2 (M.D. Ala. July 29, 2003); DirecTV v. Cardona, No. 03-CV-675, 2003 WL 21910578, * 7 (M.D. Fl. July 8, 2003); DirecTV v. Amato,

5

No. 03-CV-355, 2003 WL 21537206, *2-4 (E.D. Va. June 20, 2003); Ages Group, L.P. v. Raytheon Aircraft Co., Inc., 22 F.Supp.2d 1310, 1315 (M.D. Ala. 1998).

Moreover, in a similar context, the Fifth Circuit has held that the referenced "violation" in Section 2520 is solely for "intercepted, disclosed, or intentionally used" communications. See Peavy v. WFAA-TV, Inc., 221 F.3d 158, 168-69 (5th Cir. 2000). At issue in Peavy was whether Section 2511's prohibition of "procuring another to intercept covered communications" may be enforced in a civil action under Section 2520. Id., 221 F.3d at 168. The Fifth Circuit said that because "there is no mention of 'procures'" in Section 2520, a defendant cannot be civilly liable for such behavior. Id., at 169. Concomitantly, section 2512's proscribement of possessing, manufacturing, and/or assembling a device that renders the device "primarily useful for the purpose of surreptitious interceptions of ... electronic communications," 18 U.S.C. § 2512(1)(a)&(b), is not enforceable as a civil action under Section 2520. The statute's civil enforcement is narrower than its criminal enforcement.

Accordingly, this Court finds that DirecTV's third claim against Harvey must be dismissed.

6

## IV.  CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss Count 3 of Plaintiff's Complaint.  Count 3 of Plaintiff's Complaint, based on a violation of 18 U.S.C. § 2512, is DISMISSED.

SIGNED and ENTERED on this the 5 day of October, 2003.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

7